

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2004

# Rodriguez-Realpe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4712

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Rodriguez-Realpe v. Atty Gen USA" (2004). *2004 Decisions.* Paper 67.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/67

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4712

———

MARIA FANNY RODRIGUEZ-REALPE,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES

———

On Petition for Review from the Board of Immigration Appeals
Agency No. A79-087-296

———

Submitted Under Third Circuit LAR 34.1(a): November 16, 2004

Before: MCKEE and CHERTOFF, *Circuit Judges*, and
BUCKWALTER,* *Senior District Judge.*

(Filed December 16, 2004)

———

OPINION

———

———

* Honorable Ronald Buckwalter, Senior United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

1

CHERTOFF, *Circuit Judge.*

Maria Fanny Rodriguez-Realpe seeks review of the final order of the Board of Immigration Appeals (BIA) denying withholding of removal and protection under Article 3 of the Convention Against Torture. We will affirm the decision of the BIA.

A.

Rodriguez-Realpe, a citizen of Colombia, entered the United States on March 11, 2000 on a visitor visa that extended until September 10, 2000. In November 2001, she received a Notice to Appear for removal proceedings. She then filed the present application for withholding of removal and for protection under the Convention Against Torture (CAT), asserting that she will face persecution for her political opinion if she returns to Colombia. She bases her claim on telephone calls that she received in late 1998 and early 1999 regarding her active support of Conservative Party candidate Dr. Daria Arisa Landonio and his nutritional goals during the 1998 election campaign. Rodriguez-Realpe testified that the telephone calls came from the same person, that the caller identified himself as a member of the Revolutionary Armed Forces of Colombia (FARC), and that he "threatened me that I had to leave the . . . place. They even threatened me with my life," (R. 98), because "I was part of a group that was . . . political, and they were enemies of that group," (R. 97). She believes she would still be at risk if she returned because two news articles from May 2004 report that "FARC shows no sign of relenting" in "carrying out attacks across the country and digging in for

2

the long haul in their fight to take power." (Pet'r Reply Br. 10.)[1]

After hearing testimony from Rodriguez-Realpe, an Immigration Judge (IJ) denied her application for withholding of removal and for protection under CAT.   The decision was affirmed without opinion by the BIA pursuant to 8 C.F.R. § 1003.1(e)(4).  This appeal followed.

B.

Rodriguez-Realpe seeks withholding of removal pursuant to 8 U.S.C. § 1253(h) on the basis of her political opinion.  To qualify, she must establish that "it is more likely than not" that she "would be subject to persecution" because of her political opinion should she return to Colombia.  See INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987) (quoting INS v. Stevic, 467 U.S. 407, 429-30 (1984)).  This Court reviews the determination of the BIA that the she did not establish this "clear probability" of persecution under the substantial evidence standard, meaning that the court will affirm the BIA's finding "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (quoting Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001)).

We will affirm the BIA decision because the record does not reveal a "clear

---

[1]  On June 15, 2004, Rodriguez-Realpe filed a motion for leave to expand the record with a supplemental appendix consisting of copies of two news stories which appear at pages 8 to 11 of her Reply Brief.  This Court will grant the motion and consider the articles for purposes of this appeal.

probability" of future persecution based on the 1998-1999 telephone calls. First, the IJ reasonably concluded that the petitioner "tolerate[d] the calls for years" while she was in Colombia. (App. 7.) She never contacted the police, changed her telephone number, or disconnected her phone, and she did not accept the protection offered to her by Dr. Arisa. (R. 99.) Second, the caller never followed through with the threats. Rodriguez-Realpe maintained her Cali, Colombia residence and vegetarian restaurant for over one year after the phone calls ended, but "[n]o one came to [her] home, no one came to [her] lectures, no one seems to have altered any of [her] property, no one seems to have threatened [her] in person, no one seems to have taken any action against [her] family, and no one seems to have followed [her] around." (App. 6.) She never tried to relocate within Colombia. Instead, she sold her restaurant one month before she left the country for the United States in 2000, to be joined there by her husband and children two months later.

The record thus supports the BIA's conclusion that Rodriguez-Realpe's behavior indicated that she made "slow and steady plans to leave for the United States," rather than leaving due to persecution that would resume if she returned to Colombia. (App. 7.) The Court will affirm the BIA decision, and deny this petition for review.[2]

---

[2] Though the petitioner has not included the CAT determination in her issues on appeal, it is clear that she would not be entitled to relief under CAT because she has not presented, as required, objective evidence showing that "it is more likely than not that . . . she would be tortured if removed to [Colombia]." Sevoian v. Ashcroft, 290 F.3d 166, 174-175 (3d Cir. 2002) (quotation marks omitted).